**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KAREN YAPP, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 4:02CV615-SNL |
| | ) | |
| UNION PACIFIC RAILROAD CO., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

In August 5, 2005 the Court denied plaintiffs' motion for class certification (#41). Plaintiffs have filed "Motion to Alter, or Amend, Memorandum and Order Regarding Class Certification." Defendant has responded in opposition to the Motion to Alter.

Rule 59(e) of the Rules of Civil Procedure authorizes the filing of a "motion to alter or amend judgment." The Court assumes plaintiffs' motion is filed pursuant to the Rule.

"A motion for a new trial in a non-jury case or a petition for rehearing should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons." Wright, Miller and Kane, Federal Practice and Procedure: Civil 2d § 2804. See Innovative Home Health Care v. P.T.O.T. Associates of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998). The Court's ruling should not be changed "unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party" seeking the relief. Wright, Miller and Kane @ § 2803.

Rule 59(e) motions are not proper vehicles for raising new arguments or to tender new legal theories for the first time. Capital Indemnity v. Russellville Steel, 367 F.3d 831, 834 (8th Cir. 2004).

After careful review of plaintiffs' motion, the Court finds that many of the assignments of error were those addressed by the plaintiffs following the hearing. For illustration, in its memorandum the Court found that there was a flaw in the statistical analysis of Dr. Bradley, plaintiffs' expert. This is a factual determination made by the Court and there is a basis in the record for this finding.

In addition, the Court analyzed the testimony of the plaintiffs and determined that no one of them had been adversely affected by a subjective selection criteria. Again, this is a question of fact decided by the Court and there is evidence in the record to support that finding. While there may have been some evidence to the contrary, it is the duty of the Court, as the fact-finder, to weigh the evidence and then make a factual determination, which the Court did.

While plaintiffs may have every reason to challenge the finding by the Court, the Court determines that its memorandum and order denying plaintiffs' request for Class Certification was not manifestly erroneous. Certainly, there was no clear erroneous factual finding or erroneous legal conclusions. Accordingly, the motion of plaintiffs should be denied.

**IT IS THEREFORE ORDERED** that "Plaintiffs' motion to Alter, or Amend, Memorandum and Order Regarding Class Certification" is **DENIED.**

Dated this   7th   day of October, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE