UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KAREN YAPP, RODNEY GRADY, )
MOLLIE JONES, ERMA JEAN )
WRIGHT, ANGELA CAMPBELL and )
CYNTHIA BYAS, et al., )
 )
                Plaintiffs, )
 )
vs. ) No. 4:02CV615-SNL
 )
UNION PACIFIC RAILROAD CO., )
 )
                Defendant. )

## ORDER

Numerous plaintiffs initially urged this Court to find that they properly represented a class, the members of which were subject to defendant's excessively-subjective company-wide decision-making process. This Court denied Class Certification and the Court of Appeals elected not to consider an appeal from this Court's decision.

The claims of each of the six plaintiffs are now before the Court.

Defendant's motion to set separate trials for each plaintiff is before the Court. Plaintiffs have responded urging that their claims should be consolidated for trial.

Although there has been no specific motion for consolidation, in the response of plaintiffs to defendant's motion for separate trial, they urge the Court to consolidate their claims into one trial. Plaintiffs have suggested "pursuant to discussions with defense counsel, plaintiffs Thomas and Wright will seek to have their claims voluntarily dismissed with prejudice." Thus, the Court assumes that the claims of plaintiffs Angela Campbell now known as Angela Thomas and of Erma Jean Wright will ultimately be dismissed and not presented for trial.

Of the remaining four plaintiffs defendant has consented that the claim of plaintiff Karen Yapp and plaintiff Mollie Jones may be consolidated for trial.

Again, although there is no specific request for consolidation, the remaining four plaintiffs urge the Court to consolidate their trials pursuant to Rule 42(a) of the Federal Rules of Civil Procedure which provides that :

> **Consolidation**. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

To some extent the Court ruled on the issue of whether there are common issues of law and fact when it ruled on the request for Class Certification. This Court determined that it could not find common legal or factual issues between the named plaintiffs and putative plaintiffs. As such, there was no commonality. The fact that the plaintiffs are pursuing claims under the same theory of recovery does not, in and of itself, warrant consolidation.

While judicial economy is of substantial importance, it would appear that the factual dissimilarities are substantial. It appears that there are different decision-makers involved who were in different departments of defendant and apparently, many had different selection criteria. Accordingly, the Court finds that the benefits of judicial economy do not outweigh potential prejudice to the defendant.

**IT IS THEREFORE ORDERED** that the motion of defendant for separate trials is **SUSTAINED** and the trials will be held as follows:

1. The claims of Karen Yapp and Mollie Jones will be consolidated for trial;

2. The claim of Rodney C. Grady and Cynthia Byas will be tried separately.

**IT IS FURTHER ORDERED** that plaintiffs may select which of the cases are to be tried first and the remaining two cases in the order of their preference.

**IT IS FURTHER ORDERED** that the three cases to be tried, if plaintiffs prefer, can be tried in sequence in that one may be tried first and when that case is submitted to a jury the second case can be tried and when that case is submitted to a jury, the third case can be tried so that the cases can be tried sequentially if desired. Otherwise, the cases can be tried on different dates. For the selection process, the Court offers the following dates as available:

*August 7, 2006; September 18, 2006; October 30, 2006.*

**IT IS FURTHER ORDERED** that the parties shall notify the Court if a Rule 16 Scheduling Order would be preferred. If so, the Court should be notified and a scheduling order will be issued; otherwise the Court suggests that the parties agree on one of the suggested trial dates and the methodology for conducting the trial, or if preferred, a telephone conference can be held between the Court and counsel for the purpose of resolving the trial date and any scheduling issues that need to be considered. In this connection, defendant has moved to amend the case management order but it would appear that the parties response to this order would be more appropriate before ruling on the motion to amend.

Dated this __19th__ day of April, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE