# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KAREN YAPP, RODNEY C. GRADY, MOLLIE JONES, and CYNTHIA BYAS,<br><br>Plaintiffs,<br><br>vs.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>Defendant. | No. 4:02CV615-SNL |

## ORDER

The four plaintiffs in the caption of this order, together with Erma Jean Wright and Angela Campbell initially filed this case on April 29, 2002. On June 4, 2002 an amended complaint was filed in which six plaintiffs averred a wide variety of types of racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e-5), et seq., and the Missouri Human Rights Act. The six claimants averred that they were discriminated against individually and also urged that they be certified as proper representatives of a class-action.

The plaintiffs, at that time, Wright and Campbell did not join in the motion for class certification.

After a hearing and intense briefing, the Court denied the request for class certification on August 5, 2005. The mandate of the United States Court of Appeals for the Eighth Circuit was handed down December 23, 2005 denying the petition for permission to appeal pursuant to Federal Rule of Civil Procedure 23(f).

Following the issuance of the mandate, the Court conducted a telephone conference with the parties to determine how to proceed with the claims of the individual plaintiffs. After that conference, the Court entered a first amended case management order on February 21, 2006. The

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

deadline for completing discovery was June 23, 2006. The dispositive motion deadline was July 24, 2006 and the date of March 20, 2006 was the deadline for submission of proposals as to separate trials of each plaintiff or a consolidation of the various claims for trial. In the order, the Court stated that it would confer with counsel about setting a trial date after determining how the claims of the individual plaintiffs would be presented.

On April 19, 2006 the Court ordered that the claims of plaintiffs Karen Yapp and Molly Jones would be consolidated for trial and that the claim of plaintiff Rodney C. Grady and plaintiff Cynthia Byas would be tried separately. In that order, the Court submitted to counsel trial dates of August 7th, September 18th and October 30, 2006. The Court granted plaintiffs the authority to select which of the cases would be tried first.

On April 27, 2006 plaintiffs requested leave to file a second amended complaint and on April 28, 2006 the claims of Angela Campbell (Thomas) and Erma Jean Wright were dismissed.

In response to the Court's prior order, the parties informally indicated that the trial date of October 30, 2006 was the preferred time.

Defendant opposes plaintiffs' request to file a second amended complaint and plaintiffs have replied in opposition to the response. In the reply, plaintiffs ask the Court to strike the response of the defendant as it was not filed timely. Defendant has responded to that portion of plaintiffs' reply suggesting that its response was timely.

Although the initial case management order set December 15, 2002 as the deadline for amendment of pleadings, this Court does not feel that that date was realistic in view of all that has transpired since that time.

Ordinarily, the amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. The pertinent portions of sub-paragraph A and sub-paragraph D of the Rule are

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

set out as follows:

> "Rule 15. Amended and Supplemental Pleadings
>
> (a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.
>
> . . .
>
> (d) Supplemental Pleadings. Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."

Defendant suggests that plaintiffs are attempting to file a supplemental complaint pursuant to Rule 15(d).

Plaintiffs do not disagree, but suggest that the standards for Rule 15(a) and (d) are not different; in addition, plaintiffs suggest that Federal Rule of Civil Procedure 16(b) provides that scheduling orders may be modified "upon a showing of good cause and by leave of the district judge. Plaintiffs believe that good cause exists here.

This Court is well aware that pursuant to Rule 15(a) leave to amend should be freely given when justice so requires. In addition, there is a valid argument that judicial resources could be conserved and the efficiency of the operation of the Court could be brought about by allowing a complaint to be amended.

On the other hand, the Court is concerned with the time involved in processing this litigation which is simply the result of the nature of the litigation and is not occasioned by the fault

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

of any party or the Court.

As stated, the complaint was first filed April 29, 2002. The case is to be tried October 30, 2006 almost four and one-half years later. The Court is convinced that if the complaint is to be amended, the current scheduling order could not be implemented. The discovery cut-off date is June 23, 2006 and if the amendment is to be allowed, depositions of the four plaintiffs will need to be retaken. Those depositions could give rise to the need for further discovery. This would also jeopardize the deadline for filing dispositive motions of July 24, 2006. The Court feels that this problem should have been considered during the informal telephone conference on February 16, 2006, and certainly before the first amended case management order was entered shortly thereafter on February 21, 2006. There was no reference in the discussion or in the case management order to amendment of pleadings. The Court assumed, therefore, that the case would proceed on the existing pleadings. At the time of the telephone conference, certainly the parties were well aware of potential additional claims of the plaintiffs. Much of the discovery had been completed by that date and, indeed, in plaintiffs' memorandum in support of the motion to file a second amended complaint, it was alleged that plaintiff Karen Yapp had filed a second charge of discrimination with EEOC on April 11, 2005. Had the Court been aware before the first amended case management order was issued that additional claims could be urged by the plaintiffs, the matter would most certainly have been handled then and before the issuance of the scheduling order.

It appears that the parties have conducted the discovery necessary to prosecute the existing claims of the plaintiffs within the time frame announced in the first amended case management order. Although plaintiffs may have additional claims, it appears that this Court's judicial resources could be handled more appropriately following the current schedule. Plaintiffs

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

are certainly not without a remedy as to any additional claims they may have and may wish to urge.

As has been suggested, if the amended complaint is allowed to be filed, the Court believes that substantial additional discovery will be required. The trial date will need to be extended and the methodology changed. Following discovery on an amended pleading, if allowed to be filed, even the methodology of pursuing the claims could be changed. For illustration, the Court could decide that the claims of each of the four plaintiffs should be tried separately or consolidated or partially consolidated, as is the present situation. Venue could also be an issue.

**IT IS THEREFORE ORDERED** that for the foregoing reasons, the motion of plaintiffs for leave to file a second amended complaint is **DENIED**.

Dated this ___19th___ day of June, 2006.

_/s/ Stephen N. Limbaugh_
SENIOR UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com